UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY T. FRANKLIN, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:12-CV-866 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the court on the motion of Corey T. Franklin to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. ' 2255. The United States has filed a response in opposition and Franklin has filed a reply.

**I. Background**

On January 7, 2011, Franklin pled guilty to one count of conspiracy to distribute and possess with intent to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A statutory mandatory minimum sentence of imprisonment of 10 years was prescribed for the offense.

Prior to the plea, Franklin and the government entered into a written plea agreement. At the change of plea hearing, Franklin stated under oath that he had read the agreement, discussed it with his attorney, and that he understood its contents. Among other things, the agreement provided that the government would file a motion for downward departure pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. § 3553 if Franklin provided substantial assistance. During the change of plea colloquy, the court questioned Franklin about the cooperation provision in the

plea agreement.[1] In response, Franklin stated under oath that he understood that there was no guarantee that a downward departure motion would be made.

Franklin also said he understood that he faced a 10-year mandatory minimum sentence of imprisonment. In the plea agreement Franklin agreed to waive his right to appeal the sentence if it was within the sentencing guideline range. He also agreed that the government could, at its option, be released from its obligations under the plea agreement if he engaged in post-plea misconduct, including "violat[ion] [of] any conditions of release that results in revocation." Several months after the plea, Franklin was found to be in possession of ammunition. As a result, on April 26, 2011, the court revoked his release.

Franklin appeared for sentencing on April 28, 2011. The government did not file a downward departure motion and Franklin did not voice an objection to this. The court imposed a sentence of 120 months' imprisonment and a five-year supervised release term. Franklin did not file a notice of appeal.

**II. Discussion**

In the motion to vacate, Franklin asserts the following grounds for relief: (1) the government's failure to file a downward departure motion violated the separation of powers doctrine and (2) the sentence imposed resulted in manifest injustice. Franklin could have presented these claims on direct appeal, but he did not do so. As such, both claims are procedurally defaulted and cannot be raised in this § 2255 proceeding absent a showing of cause and prejudice. *See* Boyer v. United States, 988 F.2d 56, 57 (8th Cir. 1993); Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993) [*citing* United States v.

---

[1] This portion of the colloquy took place at the bench and the transcription of it was sealed.

Frady, 456 U.S. 152 (1982)].  In order to show cause, a movant must establish that Asome objective factor external to the defense@ impeded his ability to present his claim on appeal.  McCleskey v. Zant, 499 U.S. 467, 493 (1991) [*quoting* Murray v. Carrier, 477 U.S. 478, 488 (1986)].  Ineffective assistance of counsel or a showing of actual innocence may constitute cause sufficient to exempt a movant from the procedural bar.  Id. at 494.  Here, Franklin makes no showing of actual innocence; in his reply, he makes only a fleeting assertion of ineffective assistance.  Thus, Franklin has not overcome the procedural bar.  Despite the procedural default, the government has responded to the merits of Franklin's claims.  The court will do so as well.

### A.  Separation of Powers

Franklin contends that government's authority to make a charging decision and to decide whether or not to seek a downward departure based on substantial assistance violates the separation of powers doctrine.  However, he offers no legal support for this claim.  Indeed, the court has found no case law or other authority stating that the determination of whether or not a defendant has provided substantial assistance to the prosecution is a judicial function.  To the contrary, it has been held that the requirement that a departure based on substantial assistance can be made only upon motion of the government "is not an unconstitutional infringement on the separation of powers."  United States v. Kelley, 956 F.2d 748, 752 (8th Cir. 1992) (citing cases).

Additionally, as noted above, during the plea colloquy Franklin stated that he understood there was no guarantee that the motion would be filed.  A defendant's statements made under oath "carry a strong presumption of verity."

Blackledge v. Allison, 431 U.S. 63, 74 (1977). See *also* United States v. Harvey, 147 Fed. Appx. 627 (8th Cir. 2005). Further, in the plea agreement Franklin acknowledged the government's right to be released from any obligation to file a downward departure motion if he committed a violation of his bond that resulted in revocation. Thus, Franklin's assertion that his guilty plea was involuntary because it was made in reliance on the downward departure motion is belied by the record.

### B. Manifest Injustice

The offense that Franklin pled guilty to carried a mandatory minimum sentence of ten years' imprisonment. He complains that some of his co-defendants were allowed to plead guilty to charges that did not provide for a mandatory minimum sentence and, as a result, received sentences below 120 months. He argues that he should have been given the same opportunity. But Franklin did have the opportunity for a lower sentence: he could have provided substantial assistance and avoided engaging in post-plea misconduct. To the extent Franklin is contending that the government should not have the power to decide what criminal charges to pursue and how and with whom to conduct plea negotiations, such a contention is without merit. *See* United States v. Armstrong, 517 U.S. 456, 464 (1996) (the executive branch has broad discretion to enforce federal criminal laws); Newman v. United States, 382 F.2d 479, 481 (D.C. Cir. 1967) (federal prosecutor "is not compelled by law, duty or tradition" to treat every offender and every offense alike).

Further, the mere fact that some co-defendants received lower sentences of imprisonment does not entitle Franklin to a disproportionality analysis that is typically reserved to capital cases. Franklin does not and cannot show that the

sentence he received was "unusual" in the constitutional sense, or that it was illegal or otherwise contrary to law. *See* <u>Harmelin v. Michigan</u>, 501 U.S. 957, 996 (1991). Accordingly, he is not entitled to relief on this claim.

* * * * *

For the reasons discussed above, the court concludes that motion and the files and records of this case conclusively show that Franklin is not entitled to relief under 28 U.S.C. _ 2255 based on any of the claims he asserts in the motion to vacate. Therefore, the motion will be denied without a hearing. <u>See</u> <u>Engelen v. United States</u>, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Franklin has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. _ 2253.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of August, 2015.